**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000592
19-SEP-2012
09:40 AM**

CAAP-11-0000592

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ERWIN E. FAGARAGAN, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(SPP NO. 11-1-0005(1) (CR NOS. 04-1-0595(1) & 05-1-0090(1))


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard and Reifurth, JJ.)


Petitioner-Appellant Erwin E. Fagaragan (Fagaragan) appeals from the "Findings of Fact, Conclusions of Law, and Order Denying Rule 40 Petition for Post-Conviction Relief" (Order Denying Petition) filed on July 18, 2011, in the Circuit Court of the Second Circuit (Circuit Court).[1] Fagaragan argues that the Hawai'i Paroling Authority (HPA) acted arbitrarily and capriciously and violated his constitutional rights in setting his minimum terms of imprisonment in two separate cases, Criminal No. 04-1-0595(1) and Criminal No. 05-1-0090(1). We affirm.

I.

In his underlying criminal cases, Fagaragan was convicted in Criminal No. 04-1-0595(1) of: (1) promoting a

---

[1] The Honorable Rhonda I.L. Loo presided over the proceedings relevant to this appeal.

dangerous drug in the first degree (Promoting Dangerous Drug I); (2) unauthorized control of a propelled vehicle (UCPV); (3) prohibited acts related to drug paraphernalia (Prohibited Drug Paraphernalia); and (4) promoting a detrimental drug in the third degree (Promoting Detrimental Drug III). The charges in Criminal No. 04-1-0595(1) stemmed from a police officer's arrest of Fagaragan after he was seen driving a stolen vehicle. Fagaragan was found to be in possession of over thirty-three grams of methamphetamine in several packets, scales, glass pipes, empty plastic packets, marijuana, and $1,474. On January 11, 2006, the Circuit Court sentenced Fagaragan on each offense to the maximum indeterminate term of imprisonment: twenty years for Promoting Dangerous Drug I, five years each for UCPV and Prohibited Drug Paraphernalia, and thirty days for Promoting Detrimental Drug III. All terms were imposed to run concurrently.

In Criminal No. 05-1-0090(1), Fagaragan was convicted of: (1) Promoting Dangerous Drug I; (2) Attempted Promoting Dangerous Drug I; and (3) Prohibited Drug Paraphernalia. The charges arose after Fagaragan was arrested on an outstanding bench warrant. The police found thirty-four packets containing a total of 154.9 grams of methamphetamine, a glass smoking pipe, and a digital scale in Fagaragan's car and $8,649 in cash in Fagaragan's pockets. On April, 19, 2006, the Circuit Court sentenced Fagaragan on each offense to the maximum indeterminate term of imprisonment: twenty years each for Promoting Dangerous Drug I and Attempted Promoting Dangerous Drug I and five years for Prohibited Drug Paraphernalia. The Circuit Court ran these sentences concurrently with each other and with the sentences imposed in Criminal No. 04-1-0595(1).

On May 21, 2007, the HPA issued its order fixing the minimum terms of imprisonment on his felony convictions in both Criminal No. 04-1-0595(1) and Criminal No. 05-1-0090(1). The HPA set the minimum term of imprisonment for each felony conviction at the statutory maximum term of imprisonment: twenty years each for the two Promoting Dangerous Drug I convictions and the

2

Attempted Promotion Dangerous Drug I conviction and five years each for the two Prohibited Drug Paraphernalia convictions and the UCPV conviction. The HPA's order states that the level of punishment is "Level III" and describes the significant factors in identifying the level of punishment as "Nature of Offense."

Fagaragan filed direct appeals of his judgments in both Criminal Nos. 04-1-0595(1) and 05-1-0090(1). This court affirmed the Circuit Court's judgment in Criminal No. 04-1-0595(1) by summary disposition order filed on September 27, 2007. State v. Fagaragan, No. 27873, 2007 WL 2834214 (Hawai'i App. September 27, 2007) (SDO). In Criminal No. 05-1-0090(1), this court issued an opinion on September 10, 2007, which reversed Fagaragan's conviction for Attempted Promoting Dangerous Drug I, but affirmed the Circuit Court's judgment on the remaining convictions. State v. Fagaragan, 115 Hawai'i 364, 167 P.3d 739 (App. 2007).

After this court reversed Fagaragan's Attempted Promoting Dangerous Drug I conviction in Criminal No. 05-1-0090(1), the HPA held a new hearing to reset the minimum terms on Fagaragan's convictions in Criminal No. 05-1-0090(1). On April 26, 2008, the HPA issued its order again fixing the minimum terms of imprisonment on each of Fagaragan's remaining convictions in Criminal No. 05-1-0090(1) at the statutory maximum term of imprisonment: twenty years for the Promoting Dangerous Drug I conviction and five years for the Prohibited Drug Paraphernalia conviction. The HPA's order again states that the level of punishment as "Level III" and describes the significant factors in identifying the level of punishment as "Nature of Offense." The HPA's order appears to have been served on Fagaragan by mail on May 5, 2008.

On June 18, 2008, Fagaragan filed a petition for post-conviction relief in S.P.P. No. 08-1-0009 (Prior Petition). In the Prior Petition, Fagaragan challenged his convictions and sentences in Criminal No. 05-1-0090(1), but did not challenge the HPA's fixing of the minimum terms of imprisonment on his convictions in Criminal No. 04-1-0595(1) or Criminal No. 05-1-

3

0090(1). On June 25, 2008, the Circuit Court issued an order denying Fagaragan's Prior Petition without a hearing. Fagaragan appealed, and by summary disposition order issued on August 26, 2009, this court affirmed the Circuit Court. Fagaragan v. State, No. 29281, 2009 WL 2608463 (Hawai'i App. Aug. 26, 2009) (SDO).

On May 11, 2011, Fagaragan filed the instant "Petition for Post-Conviction Relief" (Petition), pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40 (2006). The Circuit Court denied the Petition without a hearing and issued the Order Denying Petition. On appeal, Fagaragan argues that the Circuit Court erred in denying his Petition because: (1) the HPA acted arbitrarily and capriciously (a) in setting his level of punishment at a Level III and (b) in fixing his minimum terms of incarceration for his drug offenses at the maximum statutory terms of imprisonment on that basis; and (2) the HPA's actions violated his constitutional rights.[2]

II.

We resolve the arguments Fagaragan raises on appeal as follows.

1. We conclude that Fagaragan waived all the issues he raises in his Petition. Fagaragan filed his Prior Petition pursuant to HRPP Rule 40, in which he could have, but did not, challenge the HPA's fixing of the minimum terms of imprisonment on his convictions. Fagaragan has not shown any extraordinary circumstances to justify his failure to previously raise the issues he asserts in the instant Petition. Accordingly, Fagaragan waived the issues presented in his Petition, and the Circuit Court properly denied his Petition without a hearing. See HRPP Rule 40 (a)(3).

---

[2] The only minimum terms of incarceration that have not already expired are the twenty-year minimum terms that the HPA set on Fagaragan's Promoting Dangerous Drug I convictions. The five-year minimum terms set on Fagaragan's other convictions expired before he filed his Petition in this case. Accordingly, we only address the minimum terms that the HPA set on Fagaragan's Promoting Dangerous Drug I convictions.

2.    In any event, we conclude that Fagaragan's arguments on appeal lack merit and that the Circuit Court did not err in denying his Petition without a hearing.  The HPA's "Guidelines for Establishing Minimum Terms of Imprisonment" (Guidelines) include under the criteria "Nature of Offense" for a Level III level of punishment that "[t]he offense involved the manufacture, importation, distribution, or cultivation of substantial quantities of drugs."  Fagaragan's Promoting Dangerous Drug I convictions fit this description.  There is support in the record for the HPA's determination that under its Guidelines, Fagaragan fell within a Level III level of punishment with respect to his Promoting Dangerous Drug I convictions based on the criteria of "Nature of Offense."  Accordingly, we cannot say that the HPA acted arbitrarily or capriciously in setting Fagaragan's minimum terms on these offenses.  See Williamson v. Hawaiʻi Paroling Authority, 97 Hawaiʻi 183, 188-96, 35 P.3d 210, 215-23 (2001) (holding that the HPA has the authority to set a prisoner's minimum term of imprisonment at a period equal to the statutory maximum term of incarceration).  We also conclude that Fagaragan failed to show a colorable claim that the HPA's actions violated his constitutional rights.  See Dan v. State, 76 Hawaiʻi 423, 427, 879 P.2 528, 532 (1994).

III.

For the foregoing reasons, we affirm the July 18, 2011, Order Denying Petition of the Circuit Court.

DATED:  Honolulu, Hawaiʻi, September 19, 2012.

On the briefs:

Erwin E. Fagaragan
Petitioner-Appellant Pro Se

Lisa M. Itomura
Diane K. Taira
Deputy Attorneys General
for Respondent-Appellee

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge